FILED - GR
January 2, 2026 11:43 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JJM  SCANNED BY: ___

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DAVID LAY, #428825,

    Plaintiff,

v.

A. LONG; N. ADER, and,
UNKNOWN SGT. COOK,
In Their Individual Capacity,

    Defendants.

1:26-cv-2
Maarten Vermaat - US Magistrate Judge

Honorable _____
District Court Judge

John David Lay, #428825
In Propria Persona
Lakeland Correctional Facility
141 First Street
Coldwater, Michigan 49036

# CIVIL RIGHTS COMPLAINT AND JURY DEMAND
## Pursuant to Title 42 USC § 1983

There is no other action arising out of the same transactions or occurrences as alleged in this complaint. Nor has any other action, arising out of the same transactions or occurrences been transferred or dismissed after having been assigned a case number and a judge.

-*-

Dated: December 28, 2025

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DAVID LAY, #428825,           )
                                    )
         Plaintiff,                )
                                    )
v.                                  )        Civil Action No. _____
                                    )        Hon. _____
                                    )        Mag. _____
                                    )
A. LONG; N. ADER, and,              )
UNKNOWN SGT. COOK,                  )
 In Their Individual Capacity,      )
                                    )
         Defendants.                )
                                    )

## TITLE 42 USC § 1983 COMPLAINT AND JURY DEMAND

NOW COMES, John David Lay, acting on his own behalf as Plaintiff, and for his verified verified Complaint, pursuant to Title 42 USC § 1983; The First, Sixth, and Fourteenth Amendments to the US Constitution, and the Institutionalized Person's Act of 1963, submits his Complaint against Defendant on information and belief, at all times hereafter mentioned, allege as follows:

### I. Introduction

This Civil Rights Action involves deprivations of Plaintiff's First, Sixth and Fourteenth Amendment Rights not to be subjected to "interfering with his right to counsel, receiving legal mail from the courts, and not to be subjected to "deliberate indifference" to his attorney/client privilege, as well as a denial of his constitutional right to receive legal mail from his attorney. Plaintiff seeks monetary awards in excess of One Hundred Thousand Dollars, ($100,000.00), for having to litigate this matter against Defendants, for their willful and wanton acts of interfering with Plaintiff's right to counsel and the attorney/client privilege.

## DEFENDANT A. LONG

Defendant, A. Long, in an individual capacity, via the acts and omissions, forced Plaintiff to endure a delay in receiving legal mail from the US District Court - in Detroit, Michigan, by issuing a rejection notice, on June 12, 2025, for legal mail/documents mailed to him from that court causing a delay in access to that court involving ongoing litigation against MDOC employees, creating a need for Plaintiff to request additional copies of the rejected documents from that court. The acts and omissions, coupled with the acts of commissions, are actionable under Title 42 USC § 1983. Defendant is sued in the individual capacity, while acting under the color of law.

## DEFENDANT N. ADER

Defendant, N. Ader, on June 25, 2025, conducted an administrative hearing on the legal mail rejection by Defendant A. Long, and determined that the mail should be sent to Institutional Inspector to determine whether the mail contained contraband before it be destroyed. Plaintiff was not provided his legal documents from the US District Court, and this caused him a delay in replying to the Judge's orders contained in the rejected legal mail. Defendant N. Ader acts under the color of law and he is sued in his individual capacity for violating Plaintiff's First Amendment constitutional right to receive legal mail from the courts.

## DEFENDANT UNKNOWN SGT. COOK

Defendant, Unknown Sgt. Cook, on March 15, 2025, accepted legal mail from Attorney Mike Maddaloni, following an attorney/client visit with Plaintiff. Plaintiff, and his attorney were told that the legal documents could be left in the control center for Plaintiff when the visit was concluded. The legal mail was searched, taken to the LCF mail room, where A. Long made photo copies of the legal documents and processed the legal mail as regular mail after accepting it from Unknown Sgt. Cook. Sgt. Cook, acting under the color of law, is sued in his individual capacity for his willful violation of interfering with Plaintiff's Sixth Amendment right to counsel and the right to attorney/client privilege. Plaintiff did not receive his legal documents until three days later by way of the regular mail delivery as opposed to the 'special handling' of legal mail.

2

## II. Jurisdiction

Jurisdiction is vested in this Court pursuant to Title 28 USC §§ 1331;1333; Title 42 USC § 1983. This Court is vested with subject matter jurisdiction on all claims arising under the Constitution of the United States, its laws and treaties. Plaintiff invokes all pendent jurisdiction claims under state law in conjunction with the violations of his constitutional rights under the United States Constitutional Amendments. I, VI and XIV.

## III. Parties

All parties involved in this action are associated with, the Michigan Department of Corrections. Defendants are employees of the MDOC, and Plaintiff is a prisoner confined under the custody of the MDOC. Defendants performs their duties under the color of state law, at the Lakeland Correctional Facility (LCF). Plaintiff is confined at the Lakeland Correctional Facility, in Coldwater, Michigan 49036. The acts and omissions giving rise to this litigation accrued at the LCF facility. The parties can be addressed as listed below:

| Plaintiff: | Defendant: |
|---|---|
| John David Lay, #428825<br>Lakeland Correctional Facility<br>141 First Street<br>Coldwater, Michigan 49036 | A. Long; N. Ader; Unknown Sgt. Cook<br>c/o Lakeland Correctional Facility<br>141 First Street<br>Coldwater, Michigan 49036 |

## IV. Other 1983 Civil Rights Litigation

Plaintiff has filed a complaint in the US District Court - Detroit, Michigan under the PLRA. The case is still pending in that court after summary judgment stage. Plaintiff has not filed any other actions in this Court, or any other state or federal court, which was dismissed, transferred, or reassigned after having been assigned to a judge. Plaintiff has submitted only the action under the PLRA, in Lay v Artis, et. al., No. 2-10795 (Terrence G. Berg, US District Judge). This is the first time Plaintiff has litigated the instant claims in a court of law under the PLRA.

## V. Exhaustion Requirement

Plaintiff has exhausted all his available administrative remedies on the claims asserted in this civil action, within the structure of the Michigan Department of Corrections. Plaintiff exhausted his

3

remedies in grievance identifier code numbers: LCF -25-03-0154-17Z; LCF- 25-03-0157-28I, and LCF 25-06-0346-28I. These grievances were denied at the third step appeal. See Attachments (A,B,C). Thus, for purposes of exhaustion requirements, Plaintiff has satisfied the statutory requirement under 42 USC § 1997e(a).

## VI.  Statement of Case

1. This civil rights action is submitted pursuant Title 42 USC § 1983, for damages. The matter in controversy involves constitutional deprivations of Plaintiffs First, Sixth and Fourteenth Amendment rights when Defendants deprived him of his legal papers and documents left at the LCF facility by his attorney, and mailed from the US District Court. Plaintiffs seeks compensatory and punitive damage awards, in excess of One Hundred Thousand Dollars for his suffering at the hands of Defendants.

2. Plaintiff is a state prisoner confined under the jurisdiction of the Michigan Department of corrections. He is assigned to the general population housing units which is a level two custody facility. Due to his physical characteristics, he falls under the America with Disability Act (ADA).

3. Defendants, are employees of the Michigan Department of Corrections, either by contract or state employment. They acts and perform their duties under the color of state law. They are sued in their individual capacity for purposes of this litigation.

## VII.  Statement of Facts

4. Plaintiff is currently confined at the Lakeland Correctional Facility in Coldwater, Michigan 49036. The incident for which he complains is an ongoing occurrence dating back to March 15, 2025 and involves his legal mail mailed to him by the Courts and brought to him by his attorney during an attorney visit. Collectively, the acts and omissions of Defendants give rise to violations of the First, Sixth and Fourteenth Amendments to the US Constitution.

### Defendant Long

5. On June 12, 2025, Plaintiff was sent a ruling from the US District Court in Detroit, Michigan regarding litigation against the Warden of the Thumb Correctional Facility. See, *Lay v Artis*, et. al., No. 24-10795, where Judge Berg denied in part, the Defendants motion for summary

4

judgment.

6. Defendant, A. Long, after reading the order, rejected the mail claiming, inter alia, that the mail could not be verified as coming from the sender, although the envelope containing the legal mail was stenciled with US District Court - Clerk's Office. This rejection occurred on June 12, 2025.

7. Plaintiff requested a hearing on the rejection, and the legal mail was sent to the housing unit supervisor for the hearing. Plaintiff contacted the Court and the Court provided another copy of the order, which was delivered to Plaintiff by way of special handling for legal mail. This process took over five days.

### Defendant Ader

8. Defendant N. Ader conducted the hearing on the legal mail on June 25, 2025, using the wrong date of the notice of rejection to be 6/18/2, determined the legal mail had to be sent to the Institutional Inspector for determining its legality before it was destroyed.

9. Defendant Ader, in his hearing report, to cover up for his coworker's error, asserted that A. Long, on June 10, 2025, emailed the US District Court Clerk to verify the mail was sent from the Court. Allegedly, A. Long received an email from the Court Clerk indicating all US District Court envelopes are sealed with a certified raised US District Court Eastern District of Michigan seal on the back of the envelope flap and it was suggested that they look on the back of the envelope for the District Court's seal.

10. The finding by Defendant N. Ader was that the evidence showed that the envelope received for Plaintiff Lay could not be verified as described by the Court Clerk because it did not have the seal on the back flap and the legal mail should be destroyed. Notably, the mail rejection was listed on 6/12/25, and the District Court Clerk's Office was contacted on 6/10/25 two days before the rejection according the Defendant Ader's hearing report. Plaintiff never received the legal mail sent to him from the District Court. (The Court sent another copy for Plaintiff to file late 'objections').

### Defendant, Unknown Cook

11. On March 15, 2025, Plaintiff had an attorney visit at the LCF Facility. Attorney Maddaloni left Plaintiff's legal papers - his entire legal files. C/O Ivany took the legal papers to the LCF's control

5

center, where Sgt. Cook took control of the legal papers, and told Plaintiff that he would receive the papers after they were searched Sgt. Cook took the legal papers to the mail room, where they were read, inspected, and processed by A. Long on Monday 3/18/25, and the legal papers were delivered to Plaintiff by regular mail without the special handling required by Plaintiff's A Code.

12. Plaintiff's legal papers were all out of sequence, volumes were mise into volumes, and page numbers were out of sequence. Sgt. Cook knew that legal mail required special handling and had to be inspected in front of Plaintiff for contraband. Plaintiff received his legal papers left by his attorney on 3/15/25, during the regular mail pass out on 3/18/25 without the special handling.

### VIII. Acts and Omissions

13. Defendants, all of whom act and perform their duties under the color of state law, are required to know the policy and procedures of the MDOC. In this instance, all Defendants ignores the procedure when handling legal mail, and interfered with the attorney/client relationship privilege and violated the right to counsel when they engaged in the delaying tactic regarding the legal mail left by the attorney.

14. As of June 12, 2025, Defendant A. Long knew, or by virtue of the high ranking employment status, as a "GOA" employee, should have known that tampering with a prisoner's legal mail was violative of MDOC Policy and the constitutional right of the prisoner under the First Amendment. Liability falls under the 'deliberate indifference' standard and concept.

15. The acts and omissions of Defendants by engaging in conduct to violate Plaintiff's right to counsel, amounts to deliberate indifference to that Sixth Amendment right.

### IX. The Acts of Commission

16. The acts of commission by all defendants, by engaging in conduct that violated the constitutional rights of Plaintiff, constitutes a denial of the First Amendment right to seek redress from the government by way of civil litigation.

### X. Claims for Relief

17. Plaintiff incorporated herein by reference all paragraphs as set forth above, and claims relief in an action at law from those facts which specifically sets forth a violation, under the First and

6

Fourteenth Amendments of the United States Constitution, as well as relief under the state law claim of gross negligent conduct and a reckless disregard of Plaintiff's right to receive legal mail from the Courts.

### Count-One

18. The acts and omissions of Defendant A. Long, as described above, constitutes a willful violation of Plaintiff's rights under the First Amendment when the mail from the US District Court was rejected under the guise of cannot be verified as coming from the sender. Liability for this constitutional violation falls under Title 42 USC § 1983.

### Count-Two

19. The acts of commission by Defendant N. Ader as set forth above, constitutes deliberate indifference to Plaintiff's due process right when he attempted to change the dates of the rejection notice from 6/12/25 to /18/25 and attempted to support his fact finding by asserting A. Long contacted the US District Court Clerk on 6/10/25 for verification two days before the rejection was issued. Exhibit-A. Defendant's conduct is actionable under Title 42 USC § 1983 by falsifying the date of the emails to cover up for A. Long's conduct.

### Count-Three

20. The acts and omissions, coupled with the acts of commissions, of Defendant Sgt. Cook as described above, constitutes deliberate indifference when he knew of the violation and yet he failed to do anything to properly apply the policy and procedures when handling prisoner's legal mail. He is liable under 42 USC § 1983.

### Count-Four

21. The acts and omissions, coupled with the acts of commissions by all Defendants as set forth above, constitutes a denial of fundamental due process of law, equal protection of the law, and a right to be free of cruel and unusual punishment, when they forced Plaintiff to remain in a continued state of anxiety by not providing him with legal papers and interfering with his right to counsel under the Sixth Amendment. Defendants, in their individual capacity are liable under 42 USC § 1983, and state law for the gross negligent conduct in this cause. cf MCL § 691.1407(2):

Willful and Wanton Misconduct under MCL § 600.6403(8).

### XI. Immunities

22. Defendants' act and performs their duties under the color of law, has no immunity to these claims and counts as alleged in this complaint, and acted in bad faith, did not rely on any policy or procedure to prevent him from providing Plaintiff with his legal mail and allowed him to seek additional copies of the legal papers from the court. The law is clearly established at the time of the Defendants coverted acts and omissions, coupled with their acts of commissions. Nor is there any 'penalogical' interest in depriving Plaintiff of his clearly established constitutional rights to receive legal mail from the court system.

### XII. Proximate Cause and Damages

23. The acts and omissions, coupled with the acts of commissions as set forth above are the proximate cause of Plaintiff's harm and suffering. Plaintiff has suffered the loss of his constitutional right to receive his legal mail from the court because A. Long failed to follow policy, customs, and procedures due to Defendants callous disregard of his rights. Plaintiff is still suffering, and but for Defendants woefully inadequate safeguards of his constitutional rights. Plaintiff would not be suffering but for the Defendant's acts, omissions, and acts of commissions as set forth in this complaint and jury demand.

24. Plaintiff reserve the right to amend his complaint to add new claims and/or Defendants after complete exhaustion of any available administrative remedies consistent with FRCP 15a, and Fed. Rule Civ. Proc. 23(a)(2).

### Jury Demand

Plaintiffs demands a trial by jury on all claims triable under the laws of the United States, and a trial on those claims under the state law claim under MCL § 600.6543 "Gross Negligence".

### RELIEF REQUESTED

WHEREFORE, Plaintiff seeks relief in the following manner as all claims against Defendants for their willful conduct as alleged in this complaint for:

a). A declaratory ruling that the individual acts and omissions, coupled with the acts of commissions constitutes a denial of Plaintiffs' First and Fourteenth Amendment rights to be free of unusual punishment and practice while confined;

b). Compensatory Damages in excess of $100,000.00 for the loss of his valued constitutional rights and the deliberate indifference to those rights;

c). Injunctive relief for defendant to cease and desist their interfering with the Sixth Amendment right to counsel, or the attorney/client relationship.

d). Grant any such other relief, rewards, rulings that this Court deems just and proper for the willful violations as set forth above.

Respectfully submitted by,

Dated: Dec. 28, 2025

John David Lay, #428825
In Propria Persona
Lakeland Correctional Facility
141 First Street
Coldwater, Michigan 49036

## Verification

I, John David Lay, do hereby verify under the penalty of perjury, that I have read the above complaint and jury demand. That the same is true in all respects as to the statement of facts. That as to Constitutional provisions, statutes, case law authority, and all other legal concepts, I believe them to be true and hereby place my reliance thereupon. FURTHER, I say not.

Dated: Dec. 28, 2025

/s/ John David Lay

John LAY #428825
Lakeland Corr facility
141 FIRST STREET
Coldwater, MI 49036

Office
United S
Western
399 F
110 MI
Grand ra



of the Clerk
tates District Court
District of MICHIGAN
deral Building
HIGAN N.W.
pids, MI 49503